**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DIMAS RENE CANO JOHNSON, AKA
Dimas Rene Cano Jonhnson,

         Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

         Respondent.

Nos.  12-72473
       13-71015

Agency No. A094-293-609

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

    Dimas Rene Cano Johnson, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT") (petition No. 12-72473), and of the BIA's order denying his motion to reopen (petition No. 13-71015). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), we review for abuse of discretion the BIA's denial of a motion to reopen, *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), and we review de novo due process challenges in immigration proceedings, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petitions for review.

As to petition No. 12-72473, the record does not compel the conclusion that Cano Johnson has established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. §§ 1208.4(a)(4), (5). Thus, we deny the petition as to Cano Johnson's asylum claim.

Substantial evidence supports the agency's adverse credibility determination based on Cano Johnson's inconsistent accounts of his actions after an alleged attack on his sister. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"). Cano Johnson's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Cano

Johnson's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Cano Johnson's CAT claim fails because it is based on the same evidence the agency found not credible, and he does not point to any other evidence that compels the conclusion that it is more likely than not he would be tortured by or with the acquiescence of the government if returned to Honduras. *See Shrestha*, 590 F.3d at 1048-49.

As to petition No. 13-71015, the BIA did not abuse its discretion when it denied Cano Johnson's motion to reopen to apply for cancellation of removal after concluding that he was afforded an opportunity to present his application for cancellation of removal during prior proceedings. *See* 8 C.F.R. § 1003.2(c)(1); *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law") (internal quotation marks omitted). We reject Cano Johnson's contention that the IJ pretermitted his application for cancellation of removal in violation of due process. *See Lata*, 204 F.3d at 1246 (requiring error to prevail on a due process claim).

**PETITIONS FOR REVIEW DENIED.**